UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA-ANN P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-6208 RAJ <br><br> **ORDER AFFIRMING DENIAL OF BENEFITS** |

Plaintiff seeks review of the denial of her application for disability insurance benefits. Plaintiff contends the ALJ erred by (1) rejecting Plaintiff's symptom testimony, (2) ignoring the opinions of Daniel Clerc, M.D., (3) rejecting the opinions of Joanna Polistico, M.D., and (4) failing to address a diagnosis of hypersomnia. Dkt. 9, p. 1. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and

ORDER AFFIRMING DENIAL OF BENEFITS - 1

**DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 43 years old, has an associate's degree, and has worked as an animal caretaker, pet and pet supplies salesperson, and sales attendant. Dkt. 7, Admin. Record ("AR") 28, 40, 84, 202. On August 31, 2016, Plaintiff applied for benefits, alleging disability as of April 1, 2017.[1] AR 40, 84, 183–86. Plaintiff's applications were denied initially and on reconsideration. AR 84–94, 96–107. After the ALJ conducted a hearing on July 13, 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 15–29, 34–83.

The ALJ found Plaintiff had severe impairments of degenerative disc disease with facet arthropathy, sleep disorder, and anxiety. AR 17. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with limitations. Plaintiff was limited to simple, routine tasks, occasional superficial contact with the public, occasional interaction with coworkers and supervisors, and few, if any, workplace changes. AR 20. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 28–29. Plaintiff was therefore not disabled. AR 29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–3.

## DISCUSSION

---

[1] Plaintiff amended the alleged onset to this date at the hearing. *See* AR 15, 40.

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

### A. Plaintiff's Symptom Testimony

Plaintiff argues the ALJ erred in rejecting her subjective symptom testimony. Dkt. 9, pp. 3–6. Plaintiff addresses only the ALJ's treatment of her testimony regarding the severity of her physical symptoms, so the Court will do the same.

Plaintiff testified she has sleep problems that make it difficult for her to work. *See* AR 54–61, 65–70, 72–74. She testified she needs several days of extra sleep before and after she goes on outings to places such as the library and museums. AR 57–58. She testified she is "wiped out" after doing any chores for more than 15 or 20 minutes. AR 61. She testified she can stand in one place for 15 minutes before she needs to sit down. *See* AR 72, 226, 228. She testified she can walk for about 30 minutes if she maintains a very slow pace "which would be about one-fourth of a normal walking pace." *Id.*

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo*, 871 F.3d at 678. The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; she does not have to show the impairment could

reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found Plaintiff met this step. AR 21.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison*, 759 F.3d at 1014-15. The ALJ rejected Plaintiff's testimony here because it was inconsistent with the overall medical evidence, inconsistent with Plaintiff's actual functioning as shown by her activities of daily living, and undermined by Plaintiff's inconsistent statements on issues such as why she stopped working. *See* AR 21–25.

The ALJ did not err in rejecting Plaintiff's testimony as inconsistent with the overall medical evidence. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). The ALJ reasonably noted Plaintiff received minimal treatment for her physical conditions. *See* AR 275–76, 289–90, 295, 351. The ALJ noted Plaintiff ambulated with a normal gait, had full range of motion, and normal strength in her extremities. *See* AR 292–93, 333, 348, 351.

The ALJ similarly did not err in rejecting Plaintiff's testimony as inconsistent with her activities of daily living. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v.*

ORDER AFFIRMING DENIAL OF BENEFITS - 4

*Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Plaintiff homeschooled her son, taking him on outings to museums, and his cub scout meetings. *See* AR 222, 283, 285, 289–90. She managed many household activities, such as light gardening cooking, and taking care of multiple pets. *See* AR 222–25, 283, 289–90. The ALJ reasonably considered these activities inconsistent with Plaintiff's allegations of severely debilitating symptoms.

The Court need not address whether the ALJ erred in rejecting Plaintiff's testimony based on her alleged inconsistent statements because any error in that analysis was harmless. An error is harmless "where it is 'inconsequential to the ultimate disability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle*, 533 F.3d at 1162). The ALJ gave two valid reasons for rejecting Plaintiff's symptom testimony, and both remain valid regardless of any error in analyzing Plaintiff's alleged inconsistent statements. The ALJ therefore did not harmfully err in rejecting Plaintiff's symptom testimony.

### B. Dr. Clerc's Opinions

Plaintiff contends the ALJ erred by ignoring Dr. Clerc's statement that Plaintiff had hypersomnia related to her fibromyalgia. *See* Dkt. 9, p. 2. Dr. Clerc examined Plaintiff on three occasions. *See* AR 353–63, 366–70. After performing a sleep study, Dr. Clerc assessed Plaintiff has having hypersomnia, but noted, "There is no indication of an intrinsic sleep disorder diagnosable by polysomnographic testing, no evidence of sleep disordered breathing, and the daytime nap study showed a normal mean sleep latency and no sleep onset REM periods. There is no diagnostic evidence to suggest narcolepsy."

AR 369.  Dr. Clerc reported, "Suspect that her clinical experience of hypersomnia is related to the comorbid diagnosis of fibromyalgia."  *Id.*  Dr. Clerc did not opine that Plaintiff had any functional limitations.

The ALJ mentioned but did not specifically address Dr. Clerc's statement. Plaintiff has failed to show this was harmful error.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error).  The ALJ "need not discuss *all* evidence presented to [him].  Rather, [he] must explain why 'significant probative evidence has been rejected.'" *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393. 1394–95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700. 706 (3d Cir. 1981)).  Plaintiff has not identified any specific functional limitations to which Dr. Clerc opined that were excluded from Plaintiff's RFC, and has thus failed to identify any harm caused by the ALJ's failure to more directly discuss Dr. Clerc's statement.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163–64 (9th Cir. 2001) (noting the ALJ has no obligation to include in the RFC alleged limitations for which the claimant fails to present evidence).

**C.     Dr. Polistico's Opinions**

Dr. Polistico was one of Plaintiff's treating doctors.  *See* AR 302–10, 331–82.  Dr. Polistico opined as to Plaintiff's conditions in response to a questionnaire from Plaintiff's counsel.  *See* AR 324–25.  Dr. Polistico opined Plaintiff had not been diagnosed with hypersomnia, and her conditions had not resulted in her falling asleep at unpredictable

ORDER AFFIRMING DENIAL OF BENEFITS - 6

times during a typical day.  AR 324.  Dr. Polistico opined Plaintiff could stand/walk for about two hours in an eight-hour work day, and sit upright for about two hours in that time.  AR 325.  Dr. Polistico opined Plaintiff would need to recline (meaning lay down or sit with legs elevated) for four to six hours during an eight-hour work day.  *Id.*  Dr. Polistico opined Plaintiff would be absent from work three or more days per month due to her symptoms.  *Id.*

The ALJ gave Dr. Polistico's opinions little weight. AR 27.  The ALJ reasoned Dr. Polistico's opinions were entitled to little weight because it was based on Plaintiff's alleged fibromyalgia even though she did not observe physical findings to support the diagnosis.  *Id.*  The ALJ also reasoned Dr. Polistico's opinions were inconsistent with Plaintiff's activities of daily living.  *Id.*

An ALJ may reject the contradicted[2] opinions of a treating doctor by providing "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff has failed to show the ALJ harmfully erred in rejecting Dr. Polistico's opinions.  *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09).  An ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

---

[2] Dr. Polistico's opinions were contradicted by those of Gary Gaffield, D.O. and Charles Wolfe, M.D.  *See* AR 102–03, 294.

ORDER AFFIRMING DENIAL OF BENEFITS - 7

2008).  The ALJ reasonably found Dr. Polistico's fibromyalgia diagnosis was unsupported, as her records do not contain physical or other objective findings supporting this diagnosis.  *See* AR 333, 335, 338, 341; *see also* AR 293–94 (noting Plaintiff "fails to meet the criteria established by the American College of Rheumatology to confirm [her] fibromyalgia] diagnosis").  The ALJ also reasonably found, as he noted earlier in his decision, Plaintiff did not receive treatment for fibromyalgia—and in fact refused treatment—indicating it caused minimal functional limitations.  *See* AR 267, 295, 333, 351, 365.

The ALJ further reasonably rejected Dr. Polistico's opinions as inconsistent with Plaintiff's activities of daily living.  A material inconsistency between a doctor's opinion and a claimant's activities can furnish a specific, legitimate reason for rejecting the doctor's opinion.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's decision to discredit treating physician where his opinions were "inconsistent with the level of activity that [plaintiff] engaged in").  The analysis here was largely the same as it was with respect to Plaintiff's symptom testimony, and passes scrutiny for the same reasons.  *See supra* Part A.  Plaintiff has thus failed to show the ALJ harmfully erred in rejecting Dr. Polistico's opinions.

**D.  Hypersomnia**

Plaintiff argues the ALJ ignored Plaintiff's alleged hypersomnia. Dkt. 9, pp. 6–9. Much of this argument merely restates Plaintiff's other arguments, and has thus already been addressed above.  Plaintiff suggests, but does not clearly argue, the ALJ erred in

rejecting Plaintiff's husband's lay witness statement.  *See* Dkt. 9, p. 7.  The Court will not address arguments that are not specifically and distinctly raised in the opening brief.  *See Carmickle*, 533 F.3d at 1161 n.2.  Plaintiff has therefore failed to show the ALJ harmfully erred in his treatment of hypersomnia.

### E. RFC

Plaintiff argues the ALJ erred in assessing Plaintiff's RFC, and erred by basing his step five findings on that RFC assessment.  Dkt. 9, pp. 10–11.  This argument is derivative of Plaintiff's other arguments, as it is based on the contention the ALJ failed to properly evaluate Plaintiff's symptom testimony, and the medical evidence.  *See id.*  Because the Court has found the ALJ did not err in evaluating this evidence, Plaintiff's argument fails.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding an ALJ has no obligation to include limitations in the RFC that are based on properly rejected opinions and testimony).

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 21st day of July, 2020.

The Honorable Richard A. Jones
United States District Judge